IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Case No. CR 06-126-S-BLW |
| ) | |
| v. ) | |
| ) | **REPORT AND** |
| MARK KITZMAN ) | **RECOMMENDATION** |
| ) | |
| Defendant. ) | |
| ) | |

On December 12, 2007, Defendant appeared before the undersigned United States

Magistrate Judge to enter a change of plea pursuant to a written plea agreement.

Defendant executed a written waiver of the right to have the presiding United States

District Judge take his change of plea. Thereafter, the Court explained to Defendant the

nature of the charges, the maximum penalties applicable, and his constitutional rights.

The Court advised the Defendant that the Plea Agreement (Docket No. 393) contained a

stipulated sentence of six to nine years, with the parties free to argue an appropriate sentence

within this range. The Court further advised that United States District Judge B. Lynn Winmill

would decide whether or not to be bound by the plea and Plea Agreement which contained a

stipulated sentence after he had an opportunity to review Defendant's presentence report. If

Judge Winmill decides, in accordance with Fed. R. Crim. P. 11(c)(5), not to accept the plea and

Plea Agreement containing the stipulated sentence, the Defendant will have the options provided for in Fed. R. Crim. P. 11(c)(5)(B) and (C).

Having conducted the change of plea hearings and having inquired of Defendant and his counsel, and counsel for the United States, the Court concludes that there is a factual basis for Defendant's plea of guilty, and that it was entered voluntarily and with full knowledge of the consequences.

## RECOMMENDATION

Based upon the foregoing, the Court being otherwise fully advised in the premises, the Court **hereby RECOMMENDS that:**

1)      The District Court review the plea and Plea Agreement in accordance with Fed. R. Crim. P. 11(c)(3)(A), 11(c)(4) and 11(c)(5);

2)      That the District Court review the language used in Sections I, IV.A, VI.C, and IX of the Plea Agreement (Docket No. 393);

3)      If the District Court determines that the plea and Plea Agreement containing the stipulated sentence should be accepted, that the Defendant's plea of guilty to Counts Two, Three, Six, and Seven of the Superseding Indictment (Docket No. 197) and that at the time of sentencing, Counts One, Four, Five, and Eight be dismissed.

Written objections to this Report and Recommendation must be filed within ten (10) days pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(b), or as a result of failing to do so, that

party may waive the right to raise factual and/or legal objections to the United States Court of

Appeals for the Ninth Circuit.



DATED: **December 14, 2007.**

Honorable Larry M. Boyle

U. S. Magistrate Judge